UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Walter A., <br><br> Petitioner, <br><br> v. <br><br> David Easterwood, Director of St. Paul Enforcement and Removal Operations, Immigration and Customs Enforcement; Kristi Noem, Secretary of the Department of Homeland Security; Mike Stasko, Administrator of the Freeborn County Jail; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Pamela Bondi, Attorney General of the United States; and Joseph Edlow, Director, United States Citizenship and Immigration Services, in their official capacities, <br><br> Respondents. | No. 26-cv-1393 (SRN/LIB) <br><br><br><br> **ORDER** |

Stacey Rogers, SSR Law Group LLC, 600 25th Ave. S., Ste. 201, St. Cloud, MN 56301; Hannah Brown, 1907 E. Wayzata Blvd., Ste. 300, Wayzata, MN 55391, for Petitioner

David W. Fuller and David R. Hackworthy, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Petitioner Walter A.'s Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. No. 5]. Because counsel for Respondents entered an appearance and responded to Petitioner's motion, the Court construes the motion as a Motion for a Preliminary Injunction ("the Motion").

1

For the reasons set forth below, the Motion for a Preliminary Injunction is granted in part and denied without prejudice in part, and Petitioner's Request for Reconsideration of the Briefing Schedule [Doc. No. 10] is denied as moot.

I.   BACKGROUND

   A. Immigration Proceedings

Walter A., a Guatemalan national, entered the United States without inspection in 2020, when he was approximately 15 years old. (Pet. [Doc. No. 1] ¶ 22.)

In June 2024, upon Walter A.'s release from county jail on charges related to driving under the influence, U.S. Immigration and Customs Enforcement ("ICE") detained him and initiated removal proceedings. (*Id.* ¶ 24; Robinson Decl. [Doc. No. 12] ¶ 8.)

Walter A. subsequently pursued multiple forms of administrative relief, including Special Immigrant Juvenile Status ("SIJS"). (Pet. ¶ 25.) He states that on February 11, 2025, U.S. Citizenship and Immigration Services ("USCIS") conferred SIJS on him with deferred action. (*Id.*) Walter A. also alleges that he has pending applications with USCIS for a T Visa, U Visa, and asylum. (*Id.* ¶ 25.)

He further contends that although an Immigration Judge initially terminated removal proceedings based on his SIJS and deferred action, the Board of Immigration Appeals ("BIA") reversed due to a factual error. (*Id.*) Walter A. has contested his detention and removal proceedings with USCIS and has litigated in Immigration Court and the BIA. (*See* Robinson Decl. ¶¶ 10–44.) On October 14, 2025, an Immigration Judge issued an oral order denying Walter A.'s application for asylum and withholding of removal, and

2

ordered that he be removed to Guatemala. (*Id.* ¶ 29.) The removal order became administratively final on November 13, 2025. (*Id.*)

On December 1, 2025, an Immigration Judge denied Walter A.'s motion to reopen and emergency motion to stay removal. (*Id.* ¶ 38.) On December 3, 2025, he filed an appeal with the BIA, (*id.* ¶ 39), and on December 10, 2025, he filed an emergency motion to stay removal with the BIA. (*Id.* ¶ 41.) It appears that both of those matters are pending.

Walter A. remains in ICE detention at the Freeborn County Jail in Albert Lea, Minnesota. (*Id.* ¶ 47.)

### B. Habeas Proceedings

On February 12, 2026, Walter A. filed a Petition for Writ of Habeas Corpus [Doc. No. 1] (the "Petition"), initiating this action. He alleges constitutional and statutory violations based on his immigration detention, and seeks immediate release. (Pet. ¶¶ 132–47.) After he filed his Petition, the Court issued an order that temporarily precludes Respondents from removing Walter A. from the District of Minnesota pending resolution of this matter. (Feb. 12, 2026 Text-Only Order [Doc. No. 4].)

Contemporaneously with the filing of his Petition, Walter A. also filed the instant Emergency Motion for a Preliminary Injunction. In his motion, Walter A. seeks immediate release in order to attend a February 17, 2026 biometrics appointment related to his U Visa application. (Pet'r's Mot. at 11.) If he is unable to attend the appointment, he requests that the Court enjoin Respondents from taking any action that would result in the denial of his pending U Visa application. (*Id.*) In addition, Walter A. requests that if he is released, Respondents not re-detain him without a pre-deprivation hearing. (*Id.*) Finally, he asks

that the Court order Respondents to file written confirmation of his release. (*Id.*) Walter A. contends that release is warranted because he is likely to prevail on his claim that his continued detention violates 8 U.S.C. § 1231(a)(6) and *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*) His initial 90-day post-removal order period of mandatory detention has expired, and he argues that he is eligible for release because his removal is no longer reasonably foreseeable due to "his approved SIJS petition" and "his grant of deferred action through October 2028." (*Id*. at 5.)

Respondents filed a consolidated response to the Motion for Preliminary Injunction and Walter A.'s Petition for Writ of Habeas Corpus, focusing primarily on the authority to detain a noncitizen up to six months following the issuance of a removal order. (Resp'ts' Opp'n [Doc. No. 11] at 9–14.) Respondents contend that "[d]eferred action does not prevent removal or require release." (*Id.* at 14–15.)

As to the basis for Walter A.'s request for emergency injunctive relief, Respondents dispute the necessity of Walter A.'s attendance at the biometrics appointment, but offer that "[i]f the Court is inclined to grant any relief, then such temporary relief should be to facilitate a biometrics appointment, not release from custody." (*Id.* at 16.) In support of their position, Respondents also submit the Declaration of Deportation Officer William J. Robinson [Doc. No. 12].

In Walter A.'s Reply [Doc. No. 13], he argues that while he has shown there is no significant likelihood of removal in the reasonably foreseeable future that would support his continued detention, Respondents have failed to respond with evidence sufficient to rebut that showing. (Reply at 8–18.) In addition, he asserts that Respondents have failed

4

to undertake custody reviews, in violation of mandatory post-order custody review regulations. (*Id.* at 18.)  Finally, Walter A. argues that Respondents fail to address the Catch-22 he is facing regarding his biometrics appointment related to the U Visa application—"a circumstance created entirely by agency policy and interagency non-cooperation." (*Id.* at 20–25.)

In addition to the Motion for a Preliminary Injunction, Walter A. filed a Request for Reconsideration of the Briefing Schedule [Doc. No. 10] related to the briefing on the Motion for a Preliminary Injunction.

## II. DISCUSSION

Federal Rule of Civil Procedure 65 authorizes the Court to grant injunctive relief in the form of a preliminary injunction.  The purpose of a preliminary injunction is to maintain the status quo.  *Tumey v. Mycroft AI, Inc.*, 27 F.4th 657, 664 (8th Cir. 2022).  To determine whether injunctive relief is proper, a district court considers four factors:  (1) the movant's likelihood of success on the merits, (2) the threat of irreparable harm to the movant, (3) the balance between the harm to the movant and the injury that granting an injunction will inflict on other parties to the litigation, and (4) the public interest.  *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  "While 'no single factor is determinative,' the probability of success factor is the most significant." *Wilbur-Ellis Co., LLC v. Erikson*, 103 F.4th 1352, 1356 (8th Cir. 2024) (citing *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013) (quoting *Dataphase*, 640 F.2d at 113)).  The court must balance all the factors in deciding whether the injunction should be granted.  *Ng v. Bd. of Regents of Univ. of Minn.*, 64 F.4th 992, 997 (8th Cir. 2023).  The burden rests with the movant to establish

that injunctive relief should be granted. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

### A. Biometrics Appointment on February 17, 2026

The Court confines its discussion here to Petitioner's limited reason for requesting emergency injunctive relief—his February 17, 2026 biometrics appointment. Petitioner contends that missing the appointment may jeopardize his pending U Visa application. He argues that USCIS and ICE have created an unlawful procedural trap, with USCIS requiring his attendance at the upcoming biometrics appointment, but with ICE refusing to arrange his transport while he is in ICE custody. (Pet'r's Reply at 20–25.) In response to the instant motion, however, and as an alternative to release, Respondents have offered "to facilitate a biometrics appointment" if the Court is inclined to grant any relief. (Resp'ts' Opp'n at 16.) The Court accepts Respondents' invitation to facilitate Walter A.'s attendance at his February 17, 2026 biometrics appointment. Facilitating the biometrics appointment will maintain the status quo while the parties fully present their respective positions on the merits of Walter A.'s Petition. Accordingly, Respondents shall transport Walter A. to and from the biometrics appointment, return him to the Freeborn County Jail after the appointment, and confirm their compliance with this Order within 48 hours of the appointment.

### B. Evidentiary Hearing on the Petition

The Court recognizes that the briefing schedule on Walter A.'s Motion for a Preliminary Injunction was truncated given the close timing of his upcoming biometrics appointment, but Walter A.'s underlying Petition presents complicated questions

6

concerning jurisdiction and the effect of SIJS on the *Zadvydas* analysis—specifically, whether Walter A.'s SIJS makes his removal not reasonably foreseeable and renders his continued detention unlawful. The Court makes clear that with respect to the merits of the Petition, it will not be reviewing the discretionary decision of Respondents, ICE, or USCIS to ignore or abide by any immigration status it has conferred in executing a final order of removal, as such review would be outside of this Court's subject matter jurisdiction. *See Tostado v. Carlson*, 481 F.3d 1012, 1014 (8th Cir. 2007) (exclusive jurisdiction to review final orders of removal lies with the courts of appeal, not district courts). Rather, the Court may only address the legality of Walter A.'s continued detention.

Because of disputed factual issues relevant to the Petition, the Court finds that an evidentiary hearing will be necessary. Notably, Respondents have not confirmed Walter A.'s SIJS, nor have they addressed the effect of such status, assuming he has it, on the reasonable foreseeability of his removal. Walter A. disputes several facts that Respondents present in their opposition memorandum, including the number of bond hearings that he has been afforded and whether any custody reviews have occurred. (Pet'r's Reply at 3.) Moreover, ICE Deportation Officer Robinson attests that Walter A. is currently detained pursuant to 8 U.S.C. § 1226(a), (Robinson Decl. ¶ 47), which is clearly incorrect. Because Walter A. is subject to a final removal order and the initial 90-day removal period has expired, his detention falls under 8 U.S.C. § 1231(a)(6).

At the evidentiary hearing, both sides shall be prepared to present evidence through witnesses and exhibits. Exhibits should include admissible exhibits from the Immigration Court record, including evidence of Walter A.'s SJIS. As for witnesses, to make the

hearing most efficient, the testimony of a knowledgeable USCIS officer will be necessary. USCIS possesses special expertise in areas such as SIJS, visa applications, and how to interpret USCIS files—information that is outside the scope of Deportation Officer Robinson's expertise.  Petitioner may consider obtaining a subpoena for such testimony from an officer with USCIS.  Following the evidentiary portion of the hearing, the Court will entertain oral argument from counsel.

To reach the merits of the Petition, the Court also requires further briefing, as contemplated by the February 13, 2026 Briefing Order [Doc. No. 7].  While the Court appreciates that Respondents intended for their consolidated memorandum to serve as both their memorandum in opposition to the Motion for a Preliminary Injunction and to the Petition, and Walter A. replied in kind, Respondents did not address the legal effect of SIJS, discussing instead the effect of deferred action in general.  Nor did Respondents address the legal authority on which Petitioner relies for the proposition that he may challenge his detention prior to the six-month period of presumptive reasonableness if there is no significant likelihood of removal in the reasonably foreseeable future.  (*See* Pet. ¶¶ 64–65) (citing several cases concerning petitioners with SIJS and deferred action).

For all of these reasons, the Court cannot address the underlying question of release in the context of the Motion for a Preliminary Injunction.  Accordingly, Respondents shall file a supplemental memorandum and any supporting materials, consistent with the briefing schedule set forth in the February 13, 2026 Briefing Order, to address these important issues.  Petitioner is free to respond with a reply, consistent with that briefing schedule.

Given the complex questions at issue here, the Court hereby amends the Briefing Order to include an evidentiary hearing and oral argument on Walter A.'s Petition, to be held via video conference on March 10, 2026, at 9:00 a.m. The Court will provide the parties with a Zoom invitation. The parties shall identify their witnesses and exchange witness lists no later than March 3, 2026.

### III. CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, which the Court construes as a Motion for a Preliminary Injunction [Doc. No. 5], is **GRANTED in part**, as to the requirement that Respondents facilitate Walter A.'s attendance at his biometrics appointment for which Respondents shall transport Walter A. to and from the appointment and return him to his current place of detention at the Freeborn County Jail, and confirm their compliance with this Order within 48 hours of the appointment, and **DENIED in part without prejudice**, as to the other requested relief.

2. Petitioner's Request for Reconsideration of the Briefing Schedule [Doc. No. 10] is **DENIED AS MOOT**.

3. The Court **AMENDS** the Briefing Order [Doc. No. 7] and will conduct an evidentiary hearing and entertain oral argument on Walter A.'s Petition on **March 10, 2026, at 9:00 a.m.**, via video conference. The Court will provide a

Zoom invitation to the parties. The parties shall identify their witnesses and exchange witness lists no later than March 3, 2026.

4. Respondents shall submit a response to the Petition that addresses the issues noted herein, consistent with the deadline in the Briefing Order, and Petitioner may file a response, consistent with the deadline in the Briefing Order.

Dated: February 16, 2026
                                               s/Susan Richard Nelson
SUSAN RICHARD NELSON
United States District Judge