UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Walter A.,<br><br>   Petitioner,<br><br>v.<br><br>David Easterwood, Director of St. Paul Enforcement and Removal Operations, Immigration and Customs Enforcement; Kristi Noem, Secretary of the Department of Homeland Security; Mike Stasko, Administrator of the Freeborn County Jail; Todd Lyons, Acting Director, U.S. Immigration and Customs Enforcement; Pamela Bondi, Attorney General of the United States; and Joseph Edlow, Director, United States Citizenship and Immigration Services, in their official capacities,<br><br>   Respondents. | No. 26-cv-1393 (SRN/LIB)<br><br>**ORDER TO SHOW CAUSE** |

Stacey Rogers, SSR Law Group LLC, 600 25th Ave. S., Ste. 201, St. Cloud, MN 56301; Hannah Brown, 1907 E. Wayzata Blvd., Ste. 300, Wayzata, MN 55391, for Petitioner

David W. Fuller and David R. Hackworthy, U.S. Attorney's Office, 300 S. 4th St., Minneapolis, MN 55415, for Respondents

SUSAN RICHARD NELSON, United States District Judge

  This matter is before the Court on Petitioner Walter A.'s Emergency Motion to Hold Respondents in Contempt and Order Immediate Release ("Contempt Motion") [Doc. No.

1

16] and Petitioner's Unopposed Motion to Expedite Briefing Schedule on the Petition for Writ of Habeas Corpus ("Briefing Motion") [Doc. No. 17[1]].)

### A. February 16, 2026 Order

In the Court's February 16, 2026 Order [Doc. No. 14], the Court granted in part and denied in part Petitioner's Emergency Motion for a Temporary Restraining Order and Preliminary Injunction. At Respondents' invitation, the Court ordered that Respondents facilitate Walter A.'s attendance at his February 17, 2026 U.S. Customs and Immigration Services ("USCIS") biometrics appointment by transporting him to and from the appointment, and confirming their compliance with the Order within 48 hours. (Feb. 16, 2026 Order at 9.) The appointment was related to Walter A.'s U Visa application.

The Court also amended the Briefing Order [Doc. No. 7] by scheduling an evidentiary hearing and oral argument on Walter A.'s Petition on March 10, 2026, at 9:00 a.m., via videoconference.

### B. Unopposed Briefing Motion

On February 17, 2026, Walter A. filed the Unopposed Briefing Motion, seeking to expedite the briefing schedule, requesting that Respondents' response to the Petition be due on February 20, 2026, and Petitioner's reply be due on February 24, 2026. (Briefing Mot. at 1.) In addition, the parties submitted exhibits and a meet and confer statement in support of their contention that there are no disputed issues of fact that warrant an

---

[1] The Briefing Motion was originally filed at Doc. No. 15, but the docket entry reflects that attachments to the motion were filed error. Because Doc. No. 17 appears to be identical to Doc. No. 15, the Court assumes that Doc. No. 17 is the corrected version.

evidentiary hearing.  (*See id.* at 2–3.)  With respect to obtaining the testimony of a USCIS officer at the hearing, Petitioner "ask[ed] the Court to consider the onerous nature of obtaining such in a limited period, especially with regard to the *pro bono* nature of this case and in consideration that all allegations are connected with the Immigration and Nationality Act, the Code of Federal Regulations and well-established case law, which is at the jurisdiction of the Court to interpret and apply, as opposed to USCIS officers."  (*Id.* at 3.)

### C. Contempt Motion

On February 18, 2026, Walter A. filed the Contempt Motion, along with the Affidavit of Walter A. [Doc. No. 16-1] and an additional exhibit [Doc. No. 16-2].  Walter A. attests that on February 17, 2026, U.S. Immigration and Customs Enforcement ("ICE") officers transported him to the USCIS Application Support Center in St. Paul, Minnesota for his biometrics appointment, scheduled for 3:00 p.m.  (Walter A. Aff. ¶ 3.)  Upon arrival, the ICE officers presented a USCIS employee with a copy of the Court's February 16 Order and explained that USCIS was required to complete the biometrics appointment pursuant to the Order.  (*Id.* ¶ 6.)  The USCIS officer responded that "USCIS does not conduct biometrics for detainees."  (*Id.* ¶ 7.)  The ICE officer made phone calls to other ICE officials, but those efforts failed to resolve the situation.  (*Id.* ¶ 8.)  A USCIS supervisor appeared, and after the ICE officer again explained that a court order required the biometrics appointment, the supervisor refused to conduct it because of Walter A.'s status as a detainee.  (*Id.* ¶ 11.)  ICE officers then transported Walter A. back to the Freeborn County Jail.  (*Id.* ¶ 11.)  Walter A.'s counsel states that after she became aware of the situation, she attempted to reschedule the biometrics appointment.  (Contempt Mot. at 2.)

However, she was unable to do so, and received a message stating that rescheduling could only occur in advance of the appointment. (*Id.*) Thus, Walter A. missed his biometrics appointment due to USCIS's refusal to conduct it, and he was unable to reschedule it.

Walter A. seeks an order to show cause as to why Respondents should not be held in contempt of court, followed by an evidentiary hearing at which the relevant USCIS officers and supervisors are asked to answer questions, under oath, relating to their conduct in this case. (*Id.* 4.) Walter A. also renews his request for immediate release from custody. (*Id.* at 3.)

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that

1. Petitioner's Unopposed Motion to Expedite Briefing Schedule on the Petition for Writ of Habeas Corpus [Doc. No. 17]) is **GRANTED in part**, as to the parties' proposed briefing schedule, and **DENIED in part** as to their request that an evidentiary hearing on the Petition is unnecessary. Respondents' response to the Petition shall be filed no later than February 20, 2026, and Petitioner's reply shall be filed no later than February 24, 2026. The Briefing Order [Doc. No. 7] is therefore amended in this regard to reflect the expedited briefing deadlines.

2. Respondents are **ORDERED TO SHOW CAUSE** why Petitioner's Emergency Motion to Hold Respondents in Contempt and Order Immediate Release should not be granted. Respondents' response to the Contempt Motion shall be filed no later than February 20, 2026, and Petitioner's reply shall be filed no later than February 24, 2026.

3. The Court will hold an evidentiary hearing and entertain oral argument on Walter A.'s Petition and the Contempt Motion on **Friday, February 27, 2026, at 9:00 a.m.**, via video conference. The Court will provide a Zoom invitation to the parties. The parties shall identify their witnesses and exchange witness lists no later than February 24, 2026. The previously scheduled hearing on March 10, 2026 is therefore **CANCELED**.

4. Respondents shall identify the USCIS supervisor who refused to conduct Walter A.'s biometrics appointment, who shall be prepared to testify under oath at the evidentiary hearing.

5. The USCIS officer called to testify at the evidentiary hearing should be fully knowledgeable about Walter A.'s SIJ status and SIJ status in general. Further, that officer or another officer shall be prepared to testify about why, and the authority under which USCIS violated an order of this Court, the written policy relied upon by USCIS in refusing to provide Walter A. with a biometrics exam, and, in particular, whether USCIS refuses such exams (and hence the U Visa status) for all detainees.

6. Respondents should be prepared to identify a legal and constitutional basis for refusing the exam to all detainees, and should be fully prepared to argue why SIJ status does not make removal unlikely in the foreseeable future.

Dated: February 18, 2026                               s/Susan Richard Nelson
                                                       SUSAN RICHARD NELSON
                                                       United States District Judge